# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMAL DAMON HENDRIX,

    Plaintiff,

v.

JAMES G. COX et al.,

    Defendants.

2:13-cv-2003-APG-PAL

**ORDER**

**I.  MOTIONS FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER (ECF No. 6, 7)**

On January 27, 2014, this Court issued a screening order in this case and granted Plaintiff thirty (30) days from the date of the order to file an amended complaint curing the deficiencies of his deliberate indifference to medical needs claims. (ECF No. 3 at 15.) This Court stated that if Plaintiff chose not to file an amended complaint, the Court would proceed on the remaining claims. (*Id.*)

On February 10, 2014, Plaintiff filed a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order and alleged the following.[1] (ECF No. 6, 7.) The Nevada Department of Corrections ("NDOC") staff are presently retaliating against Plaintiff for filing this lawsuit against them. (ECF No. 6 at 6.) NDOC staff are denying Plaintiff access to the law library and photocopy access despite a court order to extend his prison copy work limit in his other pending case, *Hendrix v. State of Nevada*, 2:13-cv-1527-JAD-CWH. (*Id.*) Plaintiff is unable to properly amend his complaint in this case because NDOC employees at the Ely

---

[1] Although only one motion was filed, it sought two forms of relief. Therefore, the clerk's office filed it as two separate motions.

State Prison have denied him access to the prison law library and have refused to give him books, pens, paper, carbon paper, drafted motions, and affidavits because he allegedly misplaced borrowed paper case law. (*Id.* at 6-7.) Plaintiff wants to amend his complaint within the thirty (30) day deadline but states that he will not be able to do so if he does not have access to the prison law library. (*Id.* at 7.) Plaintiff is indigent and is unable to afford stamps, envelopes, pens, pencils, paper, and carbon paper from the store or law library supply shop to draft his complaint. (*Id.*) The law library supervisor has ignored Plaintiff's request for such supplies. (*Id.*) Plaintiff has filed a grievance against her for denying him legal material. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id.* at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). Indigent inmates must be provided with paper and pen to draft legal documents when necessary to guarantee a meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977).

Based on the facts alleged in the present motions, Plaintiff arguably states a colorable

constitutional claim for the denial of the right of access to the courts. This Court has given Plaintiff a thirty (30) day deadline in which to file an amended complaint. Plaintiff's ability to comply with that order is being impeded by NDOC staff because he is unable to gain access to pen and paper to draft his amended complaint and the legal materials necessary to draft his amended complaint. Plaintiff will likely suffer irreparable harm if he is unable to draft an amended complaint because he will be unable to proceed on his desired claims. As such, the Court orders the Attorney General's Office to advise the Court within ten (10) days of the date of entry of this order whether it will enter a general notice appearance on behalf of Defendants. Defendants also shall file their response to Plaintiff's motion for preliminary injunction/temporary restraining order within ten (10) days of the date of this order.

## II. MOTION TO EXTEND COPY WORK LIMIT (ECF No. 5)

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have ordered a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-cv-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). Here, Plaintiff's copy work limit was extended recently in one of his other cases, *Hendrix v. State of Nevada*, 2:13-cv-1527-JAD-CWH, ECF No. 8 at 10-11. As such, the Court denies Plaintiff's motion to extend copy work limit at this time.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office shall advise the Court within ten (10) days of the entry of this order whether it can and will accept service of process for the named Defendants and enter a general appearance. In its notice, the Attorney General's Office shall advise the Court and Plaintiff of: (a) the names of the Defendants for whom it accepts service; (b) the names of the Defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing last-known-address information under seal. As to any of the named Defendants for whom the Attorney General's

Office cannot accept service, the Office shall file, under seal, the last known address(es) of those Defendant(s) for whom it has such information.

IT IS FURTHER ORDERED that Defendants shall file a response to Plaintiff's motion for preliminary injunction/temporary restraining order (ECF No. 6, 7) within ten (10) days of the entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically serve a copy of this order, a copy of Plaintiff's complaint (ECF No. 4), a copy of the screening order (ECF No. 3), and a copy of Plaintiff's motion for preliminary injunction/temporary restraining order (ECF No. 6, 7) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

IT IS FURTHER ORDERED that Plaintiff's motion to extend prison copy work limit (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that, in the interests of justice, the deadline by which Plaintiff must file his amended complaint as outlined in this Court's screening order (ECF No. 3) is extended to thirty (30) days from the date of this order.

DATED: This 11th day of February, 2014.

_____
United States District Judge