UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMAL DAMON HENDRIX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES G. COX et al.,<br><br>　　　　Defendants. | Case No. 2:13-cv-2003-APG-PAL<br><br>**ORDER** |

**I.　MOTIONS FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER (Dkt. #6, 7)**

On January 27, 2014, this Court issued a screening order in this case and granted Plaintiff thirty (30) days from the date of the order to file an amended complaint curing the deficiencies of his deliberate indifference to medical needs claims. (Dkt. #3 at 15). This Court stated that if Plaintiff chose not to file an amended complaint, the Court would proceed on the remaining claims. (*Id.*).

On February 10, 2014, Plaintiff filed a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order and alleged the following.[1] (Dkt. #6, 7). The Nevada Department of Corrections ("NDOC") staff were retaliating against Plaintiff for filing this lawsuit against them. (Dkt. #6 at 6). NDOC staff were denying Plaintiff access to the law library and photocopy access despite a court order to extend his prison copy work limit in his other case, *Hendrix v. State of Nevada*, 2:13-cv-1527-JAD-CWH. (*Id.*). Plaintiff was unable to properly amend his complaint in this case because NDOC employees at the Ely State Prison were denying him access to the prison law library and refused to give him books, pens, paper,

---

[1] The two motions are identical.

carbon paper, drafted motions, and affidavits because he allegedly misplaced borrowed paper case law. (*Id.* at 6-7). Plaintiff sought to amend his complaint within the thirty (30) day deadline but stated that he would not be able to do so if he did not have access to the prison law library. (*Id.* at 7). Plaintiff is indigent and is unable to afford stamps, envelopes, pens, pencils, paper, and carbon paper from the store or law library supply shop to draft his complaint. (*Id.*). The law library supervisor had ignored Plaintiff's request for such supplies. (*Id.*).

In compliance with this Court's order, the Attorney General's Office filed a response. (*See* Dkt. #8, 13). The Attorney General's Office asserted that Plaintiff could not demonstrate a strong likelihood of success on the merits or the likelihood of irreparable harm. (Dkt. #13 at 5-6). The Attorney General's Office provided evidence demonstrating that Plaintiff had failed to return items to the law library and had been denied the ability to check out additional materials until he returned the overdue materials. (*Id.* at 6). Additionally, the Attorney General's Office asserted that Plaintiff received his indigent legal supplies from High Desert State Prison right before he transferred to Ely State Prison. (*Id.*). Plaintiff also received his indigent legal supplies in January from Ely State Prison. (*Id.* at 7).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must

establish that he or she has suffered "actual injury." *Id.* at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). Indigent inmates must be provided with paper and pen to draft legal documents when necessary to guarantee a meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977).

The Court denies Plaintiff's motions for temporary restraining order/preliminary injunction (Dkt. #6, 7). In addition to the evidence demonstrating Plaintiff's receipt of indigent legal supplies, Plaintiff has also filed recent pleadings stating that he has finished drafting his first amended complaint. (*See* Dkt. #10). As such, the Court denies Plaintiff's motions for temporary restraining order and preliminary injunction because he cannot establish a likelihood of success on the merits or irreparable harm.

**II.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Preliminary Injunction (Dkt. #6) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (Dkt. #7) is DENIED.

DATED: February 28, 2014.

_____
UNITED STATES DISTRICT JUDGE