UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAL DAMON HENDRIX,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>JAMES G. COX, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:13-cv-02003-RFB-PAL<br><br>**ORDER**<br><br>(Mtn for Copies – Dkt. #56)<br>(Mtn for Discovery – Dkt. #60)<br>(Mtns for Submission – Dkt. ##62, 63)<br>(Mtn for Extn of Time – Dkt. #64) |

This matter is before the court on Plaintiff Jamal Damon Hendrix's Motion to Extend Copywork (Dkt. #56), Motion to Engage in Discovery (Dkt. #60), and Motions for Submission (Dkt. ##62, 63), and Defendants Linda C. Adams', Isidro Baca's, Robert Bannister's, Jay Barth's, Julia Calderin's, Amy Calderwood's, James "Greg" Cox's, Roland Daniels', Christopher Day's, Frank Dreeson's, Michael Fletcher's, Sheryl Foster's, Terrel Gregory's, Don Helling's, Jerry Howell's, Cory Leavitt's, E.K. McDaniel's, Cole Morrow's, Jennifer Nash's, Dwight Neven's, Lee Werlinger's, and Harold Wickham's Motion for Enlargement of Time to Serve Discovery Responses (Dkt. #64). The court has considered the Motions, and the various Responses (Dkt. ##59, 61).

Plaintiff is a prisoner proceeding in this action pro se and in forma pauperis. On January 27, 2014, the court entered an Order (Dkt. #3) screening Plaintiff's Complaint (Dkt. #4) pursuant to 28 U.S.C. § 1915.

**I.　　Motion for Summons (Dkt. #54).**

Plaintiff seeks an Order directing the Clerk of Court to issue summons to Defendants Morrow, Helling, Jones, Kyles, and Chang. He asks the court to serve these Defendants "at their current addresses of employment and residence which the City of Las Vegas Metropolitan Police

1

Department ["LVMPD"] has as well as the Department of Motor Vehicle ["DMV"] has on record and the Department of Labor ["DOL"] has also." Motion at 3:12-16.

In an Order (Dkt. #44) entered August 15, 2014, the court granted Plaintiff's request to issue summons and direct the U.S. Marshal's Service to serve these Defendants and Defendant Skolnik. The Clerk of Court issued Summons, and the USMS attempted service. *See* Summons (Dkt. #45); Returns of Service (Dkt. ##46, 48, 50, 51, 52). Defendants Morrow and Helling were successfully served with process. *See* Returns of Service (Dkt. ##46, 48). The USMS was unable to serve Defendants Kyles,[1] Jones,[2] Skolnik,[3] and Chang.[4] *See* Returns of Service (Dkt. ##47, 50, 51, 52). Plaintiff was advised by the court that if he wanted to have service attempted again, he would need to provide the court with a more detailed name and/or address or request another manner of service. Plaintiff has not done so, and his request is denied.

**II.    Motion for Copies (Dkt. #56).**

Plaintiff seeks an order allowing him permission to exceed the $100 limit on copy work imposed on inmates in the Nevada Department of Correction ("NDOC"). In response, Defendants assert that Plaintiff has not specified why he needs additional copy work, but they do not oppose a moderate increase in copy work in the amount of ten dollars. Generally, an inmate has no constitutional right to free photocopying. *See Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir. 1991). The statute providing authority to proceed in forma pauperis, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. *Id.* "The granting of an application to proceed in forma pauperis does not waive the applicant's responsibility to pay

---

[1] The Return of Service indicates the USMS attempted to serve Kyles on three occasions. There was no record of Kyles' employment at the last known employment address, and he did not reside at his last known residential address.

[2] The Return of Service indicates the USMS attempted to serve Jones on two occasions, and he no longer worked at his last known place of employment, or resided at his last known residential address.

[3] The Return of Service indicates the USMS attempted to serve Skolnik on two occasions, and he no longer worked at his last known place of employment, or resided at his last known residential address.

[4] The Return of Service indicates the USMS attempted to serve Chang on one occasion, and he no longer worked at his last known place of employment.

2

expenses of litigation which not covered by 28 U.S.C. § 1915." LSR 1-8.  Additionally, courts in other jurisdictions have not permitted plaintiffs proceeding in forma pauperis to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need.  *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

Here, Plaintiff has not stated any specific reason that he needs additional copies. Furthermore, his request for additional copy work has already been denied twice by the district judge in this case (Dkt. ##8, 28) because Plaintiff's received additional copy work in another matter pending in this court as *Hendrix v. State of Nevada,* 2:13-cv-01527-JAD-CWH.  For both of these reasons, the Motion for Copies is denied.

### III.     Motion for Discovery (Dkt. #60).

Plaintiff seeks an order allowing him to conduct discovery.  The court entered a Scheduling Order (Dkt. #58) on October 20, 2014.  Plaintiff has been permitted to conduct discovery since that time.  Discovery closes January 15, 2015, and dispositive motions are due February 16, 2015.  This request is denied as moot.

### IV.     Motion to Enlarge Time to Serve Discovery Responses (Dkt. #64).

Defendants seek an order granting them an extension of time to respond to Plaintiff's discovery requests until January 16, 2015.  Plaintiff served written discovery requests on Defendants, and their responses were due December 29, 2014.  Defense counsel represents that many of the Defendants were out of town and unable to submit their answers to counsel.  In addition, defense counsel is out of the country until January 12, 2015.

Rule 6(b) of the Federal Rules of Civil Procedure provides that the court may extend the time for a party to act for good cause if the extension is requested prior to the expiration of the deadline. The court finds defense counsel has stated good cause for this modest extension of the

/ / /

1  deadline to respond to Plaintiff's discovery requests, and Defendants may have until January 16, 2015, to respond.

### V.  Plaintiff's Motions for Submission (Dkt. ##62, 63).

Plaintiff filed two Motions for Submission, each requesting that Motions Plaintiff filed be submitted to the court for consideration. When a motion is filed with the court, it is submitted for the court's consideration. Motions are ordinarily decided in the order which they are filed unless the court is required to give priority to a case by statute, rule of law, or because the matter is an emergency. No other or further request needs to be made. Making repeated requests for the same relief only slows the court down by it something else which must be reviewed, considered, and put on schedule for decision. In short, it taxes the resources of the court and of all the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. Plaintiff is warned that continued motion practice requesting relief that has already been requested may result in the imposition of sanctions.

For the reasons set forth above,

**IT IS ORDERED:**

1. Plaintiff's Motion for Copies (Dkt. #56) is DENIED.
2. Plaintiff's Motion for Discovery (Dkt. #60) is DENIED AS MOOT.
3. Plaintiff's Motions for Submission (Dkt. ##62, 63) are GRANTED to the extent this Order is entered deciding all pending Motions.

/ / /

/ / /

/ / /

1  4. Defendants' Motion for Extension (Dkt. #64) is GRANTED.  Defendants shall respond to Plaintiff's written discovery requests no later than January 21, 2015.

Dated this 12th day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE